**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SHARON SUE LAHAYE AND ROBERT CLAUDE LAFAYETTE** | **CIVIL ACTION NUMBER 3:14-CV-00111** |
| | **JUDGE BRIAN A. JACKSON** |
| **VERSUS** | |
| | **MAGISTRATE STEPHEN C. REIDLINGER** |
| **ASTRAZENECA LP** | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**AMENDING COMPLAINT**</u>

NOW INTO COURT, through undersigned counsel, come Plaintiffs, **Sharon Sue LaHaye** and **Robert Claude Lafayette**, who amend their original Petition filed in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, entitled *Sharon Sue LaHaye and Robert Claude Lafayette v. AstraZeneca LP*, Number 627447, Division D, by restating the Complaint in its entirety, as follows:

1.

Made defendant herein is **AstraZeneca LP**, domiciled in the State of Delaware.

2.

At all relevant times, defendant AstraZeneca LP created, designed, manufactured, tested, formulated, advertised, marketed, promoted, sold and/or distributed the drug Nexium.

3.

At all relevant times, defendant AstraZeneca LP provided warnings to users of the drug Nexium and to the medical community.

4.

Plaintiff Sharon Sue LaHaye was injured as a result of the ingestion of Nexium.

5.

Plaintiff Sharon Sue LaHaye was diagnosed with clostridium difficile (C. diff.) on January 9, 2013 which necessitated a colectomy.

6.

Plaintiff's colectomy and other problems were caused or contributed to by the medication Nexium.

7.

Defendant AstraZeneca LP inserted into the stream of commerce a product which was defective, unsafe and in an inherently dangerous condition; where it was expected to and in fact did reach users and other persons, including plaintiff Sharon Sue LaHaye, without substantial change in the condition in which it was manufactured, produced, distributed and sold.

8.

Defendant AstraZeneca LP impliedly represented and warranted to Nexium users and the medical community that Nexium was safe, of merchantable quality and fit for the purpose for which said product was used.

9.

Defendant AstraZeneca LP knew or should have known that Nexium was unsafe, unreasonably and inherently dangerous, not of merchantable quality, not appropriately and sufficiently tested, and defective. Consequently, defendant AstraZeneca LP breached their implied warranties.

10.

Under the Louisiana Products Liability Act, a product manufacturer is required to warn a user of the product of the dangerous nature of its product and this was not done rendering Nexium unreasonably dangerous.

11.

Plaintiff Sharon Sue LaHaye began taking Nexium in 2004 and took Nexium until January 2013.

12.

On January 9, 2013, plaintiff Sharon Sue LaHaye was diagnosed by James W. Wade, M.D., her surgeon, with septic shock and toxic megacolon requiring a total emergency colectomy.

13.

Dr. Wade presented a PowerPoint presentation at a conference of surgeons in 2013 referencing Mrs. LaHaye's case and alerting all of the surgeons of this C. diff. risk caused by Nexium, of which he was unaware, and terming what happened to Mrs. LaHaye a "DISASTER." One PowerPoint slide stated, "ETIOLOGY?  NEXIUM!! 9 YEARS!"

14.

In February 2012, the United States Food and Drug Administration issued a drug safety communication notifying the public that the use of protein pump inhibitors (PPIs) such as Nexium may be associated with an increased risk of C. diff. infection.

15.

In July 2012, the *American Journal of Gastroenterology* revealed a 65% increase in the incidence of C. diff. among users of PPIs including Nexium.

16.

The warnings on Nexium did not properly alert either plaintiff Sharon Sue LaHaye or plaintiff's treating physician that a patient taking Nexium may be at risk for C. diff. as a result of the ingestion of Nexium.

17.

Neither plaintiff Sharon Sue LaHaye nor the plaintiff's treating physician were aware of the deleterious side effects of the ingestion of Nexium.

18.

Neither the product's package insert nor the *Physicians' Desk Reference* (PDR) properly alerted the patient or the patient's doctor of the relationship between Nexium and C. diff. and the extreme danger involved.

19.

Plaintiff Sharon Sue LaHaye's injuries were caused by the fault of defendant AstraZeneca LP, whose fault is more particularly described as follows:

a.    Failing to exercise reasonable care in the manufacturing, designing, testing, labeling, packaging, distribution, promotion, marketing, advertisement, sampling and/or sale of Nexium in the stream of commerce in the State of Louisiana;

b.    Breaching its duty with its actions and omissions to plaintiff and her physicians;

c.    Failing to exercise reasonable care by including adequate warnings with the medication that would alert plaintiff, her physicians and other consumers to the potential risks and serious side effects;

d.    Failing to exercise reasonable care by providing adequate information and/or warnings with the medication that would properly alert plaintiff and the healthcare community to refrain from the use of Nexium because of its extreme danger;

e.    Failing to exercise reasonable care by adequately and properly testing Nexium before and after placing it on the market;

f.      Failing to exercise reasonable care by providing adequate post-market warnings or instructions after it knew or should have known of the significant risks of personal injury as identified herein; and

g       Committing other acts and omissions which will be proven at the trial of this matter.

20.

Plaintiff Sharon Sue LaHaye shows that, as a result of the aforementioned negligence and fault, plaintiff is entitled to recover the following items of damage from defendant AstraZeneca LP in an amount which is just and reasonable:

a.      Pain and suffering;

b.      Physical injury;

c.      Disfigurement;

d.      Loss of enjoyment of life;

e.      Medical expenses past and future; and

f.      Loss of income past and future and impairment of future earning capacity.

21.

Plaintiff Robert Claude Lafayette asserts a cause of action for loss of consortium.

WHEREFORE, plaintiffs, Sharon Sue LaHaye and Robert Claude Lafayette, pray they be allowed to supplement and amend their original petition and that after all due proceedings are had, there be judgment rendered herein in their favor, and against defendant, AstraZeneca, LP, in an amount reasonable and equitable in the premises to compensate for damages, together with legal interest from the date of judicial demand until paid in full, applicable penalties, all costs of these proceedings, and for all other general and equitable relief to which they may be entitled.

By attorneys:

_s/Edward J. Walters, Jr._
**EDWARD J. WALTERS, JR.** (#13214)
DARREL J. PAPILLION (#23243)
DAVID A. THOMAS (#22701)
Walters, Papillion, Thomas, Cullens, LLC
12345 Perkins Road, Building One
Baton Rouge LA  70810
(225) 236-3636 / (225) 236-3650 (fax)
walters@lawbr.net
papillion@lawbr.net
abboud@lawbr.net

## CERTIFICATE

I HEREBY CERTIFY that on this 14th day of November, 2014, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to E. Paige Sensenbrenner and William D. Shea by operation of the court's electronic filing system.

_s/Edward J. Walters, Jr._
**EDWARD J. WALTERS, JR.**